IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

MARK ANTHONY GOLDEN, :
:
    Petitioner, :
:
VS. : Civil Action File No.
: 7 : 09-CV-25 (WLS)
DAVID L. FRAZIER, Warden, :
:
    Respondent. :

## RECOMMENDATION

Presently pending in this *pro se* prisoner *habeas corpus* petition is respondent's motion to dismiss the petition as being untimely filed (Doc. 9).

Following a jury trial, Petitioner was convicted on October 15, 1997, of burglary, for which a 10 year sentence was imposed; nine counts of possession of a firearm during the commission of a crime, for which a consecutive 5 year sentences were imposed on each count; kidnaping, for which a consecutive 15 year sentence was imposed; armed robbery, for which a consecutive 20 year sentence was imposed; six counts of aggravated assault for which consecutive sentences of 10, 17, 12, 12, 12, and 10 years were imposed. (Resp. Ex. 3, pp. 398-438). Petitioner's convictions and sentences were affirmed on direct appeal in a July 30, 1998, order. *Golden v. State*, 233 Ga. App. 703, 505 S.E.2d 242 (1998). Petitioner did not file a motion for reconsideration or seek certiorari in the Supreme Court of Georgia.

Petitioner filed his first state habeas corpus petition on April 29, 2002. (Resp. Ex 4, pp. 13-28). Relief was denied on March 4, 2005. (Resp. Ex. 4, pp. 29-38). Petitioner filed an application for certificate of probable cause to appeal, which was denied on November 7, 2005, and a motion

for reconsideration, which was denied on December 15, 2005. (Resp. Ex. 4, pp. 39, 40).

Petitioner filed his second state habeas corpus petition on June 14, 2007. (Resp. Ex. 5). The petition was dismissed as successive on January 30, 2008. (Resp. Ex. 7). Petitioner filed an application for certificate of probable cause to appeal, which was denied on September 8, 2008. (Resp. Ex. 8; Resp. Ex. 9). Petitioner executed the instant petition on December 4, 2008.

Respondent moves to dismiss the petition as untimely based upon the one-year statute of limitations under 28 U.S.C § 2244(d).  On April 24, 1996, the one-year period of limitations for state prisoners seeking federal habeas corpus relief, enacted as part of the AEDPA, went into effect. *Lindh v. Murphy*, 521 U.S. 320 (1997).

Section 2244(d) of the AEDPA provides as follows:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    © the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A conviction is "final" for habeas corpus review when direct review has concluded or the time for seeking further appellate review has expired.  *Clay v. United States*, 537 U.S. 522, 527 (2003). Petitioner's convictions and sentences were affirmed on direct appeal on July 30, 1998. *Golden*, 233

Ga. App. 703. Under Georgia law, specifically Rule 38 of the Georgia Supreme Court's Rules and Rule 38 of the Georgia Court of Appeals' Rules, Petitioner had ten days from that July 30, 1998, decision in which to either move for reconsideration in the Court of Appeals or file a notice of intent to apply for certiorari to the Georgia Supreme Court. Thus, Petitioner's convictions were "final" on August 10, 1998, the date on which the ten-day period for filing a notice of intent to seek further appellate review expired. *Pugh v. Smith*, 465 F.3d 1295 (11th Cir. 2006).

Petitioner did not file anything until April 29, 2002, when he filed his first state habeas petition, which is several years after the period for filing a federal habeas petition had run.

Petitioner contends that he should be given equitable tolling, based upon his claims of discovery of new evidence and prosecutorial misconduct. Specifically, petitioner states that the state failed to turn over two partial hand prints and knowingly used false testimony that was exculpatory. In *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir.1999), the United States Supreme Court stated that "[e]quitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik*, 177 F.3d at 1271. While equitable tolling is an "extraordinary remedy which is typically applied sparingly..... it can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." *Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1312 (11th Cir.2001); *see also Sandvik*, 177 F.3d at 1271. (holding that the limitations period may be equitably tolled where "a movant untimely files because of *extraordinary circumstances* that are both beyond his control and *unavoidable even with diligence* " (emphasis added)). "The burden of establishing entitlement to this

extraordinary remedy plainly rests with the petitioner."

Because of the difficult burden, this Court has rejected most claims for equitable tolling. See, e.g., *Johnson v. United States*, 340 F.3d 1219 (11th Cir.2003) (holding that petitioner's inaction during the year after his conviction was affirmed on direct appeal did not justify equitable tolling); Helton, 259 F.3d at 1312 (rejecting petitioner's reliance upon counsel's mistaken calculation of limitations period because petitioner did not show due diligence in ascertaining the correct period); *Steed v. Head*, 219 F.3d 1298 (11th Cir.2000) (holding that attorney's miscalculation of the limitations period or mistake could not be the basis for equitable tolling); *Sandvik, supra* (holding that attorney negligence will not warrant equitable tolling).

However, petitioner's arguments that he is entitled to equitable tolling are more appropriate in the context of determining whether those claims were procedurally defaulted for petitioner's failure to raise them on direct appeal. His arguments do not excuse his failure to timely file the instant petition or otherwise toll the filing period. Petitioner's grounds for habeas relief include ineffective assistance of trial and appellate counsel for failing to interview certain witnesses; petitioner does not explain why he could not have brought those grounds in a timely petition.

Petitioner offers no explanation of the large gap in time between July of 1998 and April of 2002 in which absolutely nothing was pending. He offers no example of his due diligence during that time. Petitioner offers the fact that he has exhausted state remedies as proof of his due diligence; again, however, he offers no explanation of the several years in which he was not pursuing any remedies. It is clear that petitioner did not timely file the instant petition. There are several years in which nothing was pending in his appellate and collateral review process.

**WHEREFORE, IT IS RECOMMENDED** that respondent's motion to dismiss the petition as untimely be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable w. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS of receipt thereof.

**SO RECOMMENDED**, this 7th day of January, 2010.

              **S/ G. MALLON FAIRCLOTH**
               **UNITED STATES MAGISTRATE JUDGE**

msd