**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

MARK ANTHONY GOLDEN,              :
                                 :
    Petitioner,                  :
                                 :
v.                               :            Case No. 7:09-CV-25 (WLS)
                                 :
DAVID L. FRAZIER, *et al.*,      :
                                 :
    Respondents.                 :
_____ :

## ORDER

      Before the Court is a Report and Recommendation from United States Magistrate Judge G. Mallon Faircloth filed January 7, 2010.  (Doc. 16).  It is recommended that Respondents' Motion to Dismiss (Doc. 9) be **GRANTED** for failure to timely file.  Plaintiff filed an Objection on January 22, 2010.  (Doc. 17).

      Judge Faircloth found that Respondents' Motion to Dismiss should be granted since Petitioner's habeas corpus petition was untimely filed.  (Doc. 16).  Judge Faircloth noted that Petitioner was convicted on October 15, 1997 of burglary, possession of a firearm during the commission of a crime, kidnapping, armed robbery, and six counts of aggravated assault, and Petitioner's convictions and sentences were affirmed on direct appeal on July 30, 1998.  Id. Judge Faircloth noted that petitioner did not file a motion for reconsideration or seek certiorari to the Supreme Court of Georgia and no action took place as to Petitioner's sentence and conviction until April 2002 when Petitioner filed his first state habeas corpus petition on April 29, 2002.  Id. Judge Faircloth found that, in application of Section 2244(d) of the Antiterrrism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d), Petitioner's convictions were final on August 10, 1998 and Petitioner had one year thereafter in which to file a federal habeas

petition.  Id.  Judge Faircloth found that Petitioner's contention that the state failed to turn over two partial hand prints and knowingly used false testimony that was exculpatory did not equitably toll the AEDPA's statutory deadline as to Petitioner since Petitioner failed to explain why he could not have timely brought the instant petition.  Id.  Judge Faircloth also found that Petitioner could not meet the requisite burden of establishing that the extraordinary remedy of equitable tolling should be applied to his petition since Petitioner could not show that extraordinary circumstances were present beyond Petitioner's control existed and were unavoidable even with diligence.  Id.  Further, Judge Faircloth found that Petitioner's arguments regarding equitable tolling did not excuse Petitioner's failure to timely assert claims of ineffective assistance of trial and appellate counsel since they were not raised on direct appeal. Id.

In his objection (Doc. 17), Petitioner vigorously asserts that the state deliberately concealed pertinent evidence and the prosecution failed to correct its collusive knowing use of false testimony which contributed to Petitioner's failure to timely file the instant petition.  The remainder of Petitioner's objection consists of an elaboration of that ground, that equitable tolling should apply such that the date he purportedly attained new evidence – November 6, 2006 – should be included in a tolling period; and, therefore, his instant petition should be found to be timely.

Notwithstanding Petitioner's well defined objection (Doc. 17), the Court finds that Petitioner does not offer any evidence of diligence or extraordinary circumstances present beyond Petitioner's control necessitating equitable tolling.  In effect, Plaintiff contends that the very action he alleges in his petition which entitles him to habeas relief – misconduct by the state – should simply suffice to establish tolling.  Nowhere in Petitioner's objection does he actually put forth a basis to show that he was diligent.  Further, Petitioner's own statement that he

obtained the information from the Georgia Bureau of Investigation via subpoenas propounded in his habeas actions undercuts any basis that he was sufficiently diligent or extraordinary circumstances were present beyond his control.  (*See* Doc. 6 at 11-12).  In essence, had Petitioner timely pursued relief following the finality of his conviction, it stands to reason that he could have received the information from the Georgia Bureau of Investigation which would place him within the AEDPA's statutory bar.  Further, nothing in Petitioner's objection supports any basis for the Court to find that Petitioner's grounds of ineffective assistance of trial and appellate counsel could not have been timely brought.  Thus, Petitioner's objection (Doc. 17) is **OVERRULED**.  The Court finds that Judge Faircloth properly made his findings that Petitioner failed to meet the difficult burden of demonstrating he might be entitled to equitable tolling and Respondents' motion to dismiss must be granted.

Upon full review and consideration of the record, the Court finds that said Report and Recommendation (Doc. 16) should be, and hereby is, **ACCEPTED, ADOPTED** and made the Order of this Court, as modified, for reason of the findings made and reasons stated therein together with the findings made, reasons and stated conclusions reached herein.  Accordingly, Respondents' Motion to Dismiss (Doc. 9) is **GRANTED**.  Petitioner's petition (Doc. 2; Doc. 6) is **DISMISSED** as untimely.

**SO ORDERED**, this  31st  day of March, 2010.

/s/ W.  Louis Sands __
**THE HONORABLE W. LOUIS SANDS,**
**UNITED STATES DISTRICT COURT**